## FRANCIS X. HENDERSON v. THE STATE.

An affidavit for a second continuance of a cause, on account of the absence of a material witness, setting out, as the diligence used, that a subpœna had been issued after the commencement of the term, and seven days before the trial, and returned the next day after issued, not found; *Held*, not to be sufficient diligence, notwithstanding the affidavit stated, in addition, that the witness was only temporarily absent, without the procurement or consent of the affiant; and that, had he known of the witness's intended absence, he would have endeavored to have taken his deposition.

APPEAL from Bexar.    Tried below before the Hon. Thomas J. Devine.

Indictment charging Francis X. Henderson with burglary and larceny in one count; and with theft from a house, of three bracelets, and other articles named, belonging to Margaret F. McLane, in the second count; found March 16th, 1858.    Continued by the defendant, at the same term of court, on 29th day of March, 1858.

At the Fall Term, 1858, on the 4th day of October, the defendant moved for a continuance, for want of the testimony of Harvey Richies, E. F. King, and O. J. Simenski; he averred that he had used due diligence to have said witnesses in attendance, at this term of the District Court, an attachment having issued August 18th, 1858, and returned September 3d, 1858, not found; that he had a subpœna issued for said King, Richies, Simenski and Father Parissote and Lackey, on 27th September, 1858, which was returned on the next day, not found.    Expected to prove where he was, on the night he is charged with having committed the offence, and to establish fully and conclusively an *alibi;* he being in company with said King, Richies and Schlessinger, until after four o'clock on said morning; and with Father W. Parissote, from four o'clock until eight of the same morning.    That said witnesses were not absent by consent or procurement of affiant; the application for continuance was not made for delay; and defendant knew of no

38

other witnesses by whom he could prove the facts he expected to prove by said absent witnesses; that he had reasonable expectation of procuring their attendance, at the next term of the court; that King resided in this county; Richies, Parissote and Simenski, were temporarily absent; did not know at present where they were. Had affiant known of their absenting themselves, would have endeavored to have had their depositions.

The application for continuance was refused, to which the defendant excepted. Plea, "not guilty."

E. E. McLane, whose house was charged, in the indictment, to have been entered, and whose property was stolen, testified on the trial that, on the night of 31st December, 1857, there was a party at his house, which broke up, and he and his family retired to bed about three o'clock in the morning. The articles charged to have been stolen, were stolen from his house, and many of them from his bed room, between the hours of three and six o'clock in the morning. The bracelets his wife had worn during the evening, and took them off in her bed chamber, when she retired. A short time after defendant's arrest before the magistrate, defendant's counsel brought to witness, at his house, many of the articles stolen, in a bundle containing articles belonging to other persons, stolen about the same time. He gave me no explanation as to how he came by the property. The bracelets in court were the same which were stolen from witness's room, and were the property of his wife; the doors of the house were closed in the morning, as when the family retired. They were fastened. The front door was a shutter door, fastened with a catch at the bottom. If the house was entered, it must have been after they retired, and through the front door. Never saw defendant before his arrest. Could not say he was secreted in the house. Thought the person who took the jewelry must have had some acquaintance with the house. Witness discharged a servant girl, a short time since, for stealing. She was living with him at the time the articles in question were stolen.

Mrs. Johnson testified, that she knew defendant by a different name from that by which he was indicted. She identified the

bracelets, as being those in possession of the defendant, on the night of the first of January, 1858. He was trying to sell them to Susan Thomas. He was offering them for sale on the second of January, 1858, and was arrested shortly after.

George Hoerner testified, that he kept a grocery. The defendant came to his house on the night of December 31st, 1857, and remained there till shortly before he closed, which was between three and four o'clock; did not know how long before he closed, defendant left.

E. Schlessinger testified, that he was with defendant, at Hoerner's grocery, on the night of 31st December, 1857 ; that he and defendant left between two and three o'clock ; walked together to the military plaza ; separated, and witness saw no more of defendant that night. Venue was fully proven, &c.

Verdict of guilty of stealing from a house, as charged, and punishment, six years hard labor in the penitentiary. Judgment accordingly. Motion for new trial by the defendant upon several grounds ; the only one which need be stated here, was, that the verdict was contrary to the law and the evidence ; which motion was overruled.

*J. M. Morphis*, for appellant.

*Attorney General*, for appellee.

ROBERTS, J. The principal question in the case, is, whether or not the application for a continuance was sufficient. The defendant proved, by the witnesses on the trial, where he was on the night when the goods were stolen from the house, up to about three o'clock in the morning. The only material witness, according to the application, to show where he was from that time until eight o'clock, A. M., of the same morning, was Father Parissote. The only diligence used to procure his testimony was, to have a subpœna issued for him on the 27th day of September, 1858, which was returned, "not found," on the next day. The cause was tried on the 4th day of October, 1858. It is not stated where Father Parissote resides ; but it

is stated that he is temporarily absent, and that, had he known of his absence, he would have endeavored to have procured his deposition.

That this is not sufficient for a second application, is too clear for comment. (Code Crim. Pr., Art. 518, 519; Hyde v. The State, 16 Tex. Rep. 445.) The statement of facts exhibits some circumstances tending to rebut the presumption of his guilt, as charged, but not of that forcible character, that would justify us in setting aside the verdict of the jury, rendered under a charge so perspicuous and correct. The judgment is affirmed.

Judgment affirmed.